LAW OFFICES OF BARAK BERLIN
BARAK BERLIN (CASB No. 216115)
Email: Barak@BerlinLawGroup.com
41530 Enterprise Circle South, Ste 209
Temecula, CA 92590
Telephone: 951-296-6188
Facsimile: 951-296-6187

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUPLE,<br><br>                         Plaintiff,<br><br>          vs.<br><br>LAW OFFICES OF MICHAEL K. SIPES, CACH, LLC, and SQUARETWO FINANCIAL CORPORATION, a Delaware Corporation<br><br>                         Defendants. | CASE NO. **'13CV1962 H      KSC**<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>JURY TRIAL DEMANDED</u> |

COMES NOW the Plaintiff, DENIS RUPLE ("Plaintiff"), by way of Complaint against the Defendants, says:

## I. PRELIMINARY STATEMENT

1.     Dennis Ruple ("Plaintiff"), through Plaintiff's attorney, brings this action to challenge the actions of Law Offices of Michael K. Sipes and CACH, LLC ("Defendants"), with regards to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.     Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5.     Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8.     Because Defendants do business within the State of California, personal jurisdiction is established.

9.     Venue is proper pursuant to 28 U.S.C. § 1391.

## III. PARTIES

10.     Plaintiff Dennis Ruple is a natural person who resides in the City of Fallbrook, County of San Diego, State of California.

11.     At all times relevant to this Complaint, Law Offices of Michael Sipes is a California Law Firm whose principal place of business is 9355 East Stockton Blvd., Ste 210, Elk Grove, CA 95624.

12.    At all times relevant to this Complaint, CACH, LLC is a Limited Liability Company whose principal place of business is 14111 Freeway Drive, Ste 300, Santa Fe Springs, CA 90670.

13.    Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14.    Plaintiff a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15.    On information and belief, Plaintiff alleges that Defendant SquareTwo, formerly known as Collect America, Ltd., is a Delaware Corporation, with its principle place of business in Denver, Colorado, and is doing business in the state of Nevada.

16.    SquareTwo states on its web site (http://www.squaretwofinancial.com/) that "Square Two Financial is dedicated to making distressed assets whole. We focus on accelerating financial asset recovery through industry-leading security and compliance practices, award-winning technology and our pioneering Partner Network, which works with consumers to remedy their outstanding debt."

17.    SquareTwo states in its March 1, 2013 publicly filed annual report (Form 10-K) to the U.S. Securities and Exchange Commission for the fiscal year ending December 31, 2012, that it "is a leading purchaser of charged-off consumer and commercial receivables in the accounts receivable management industry." SquareTwo also explains in its Form 10-K that "[o]ur primary business is the acquisition, management and collection of charged-off consumer and commercial accounts receivable that we purchase from financial institutions, finance and leasing companies, and other issuers in the U.S. and Canada. Charged-off accounts receivable, which we refer to as 'charged-off receivables' or 'accounts,' are

1   defaulted accounts receivable that credit issuers have charged off as bad debt, but
2   that remain subject to collection." It goes on to state that "[t]he success of our
3   business depends heavily on our ability to find charged-off receivables for
4   purchase, evaluate these assets accurately and acquire them at the appropriate
5   pricing."  And "[o]ur business depends on the ability to collect on our purchased
6   charged-off receivables." SquareTwo also states in its 10-K that "[f]rom 1999 to
7   December 31, 2012, we have grown our business from $8.7 million to $608.0
8   million of annual cash proceeds on owned charged-off receivables, representing a
9   compound annual growth rate of approximately 35%."

10      18.   SquareTwo also states in its March 1, 2013 10-K that "We operate our
11   domestic charged-off receivables management business through a series of
12   subsidiary entities, including CACH, LLC, . . . . These entities purchase charged
13   off consumer receivables and place them with the United Network for collection."

14      19.   CACH is a wholly owned subsidiary of Defendant SquareTwo.

15      20.   On information and belief, Plaintiff alleges that CACH has no
16   employees, and had not had any employees for years.

17      21.   All acts performed on behalf of CACH are performed by employees
18   or agents of SquareTwo.

19      22.   In particular, SquareTwo is responsible for hiring and directing
20   collection lawyers such as Stephen R. Kopolow, P.C. to pursue collection of
21   charged-off receivables, including litigation, in the name of CACH.

22      23.   SquareTwo's March 1, 2013 Form 10-K confirms that SquareTwo
23   supervises the attorneys collecting on behalf of CACH.  "In the U.S. we utilize our
24   Partners Network, which has nationwide coverage. Individual law firms within our
25   Partners Network will be referred to as a 'franchise' or a 'Partner' herein. ... Once
26   an account is designated for suit, we typically place it with our Partners Network.
27   In addition, we have assembled a select network of third party collection law firms
28   within the United Network to provide us with legal collections capabilities in

-4-
COMPLAINT

jurisdictions not covered by our Partners Network or where the Partners Network capacity is insufficient to meet our needs. Similar to nonlegal collections, we pay our franchises and third party collection law firms for their collection efforts based on their performance subject to compliance with our numerous operating and regulatory standards. In addition to these collection fees, we typically pay court costs and related fees on accounts placed for legal collection. ... Our franchises typically work exclusively for SquareTwo and our agreements do not obligate us to place debt with any franchise, but, at the same time, prohibit the franchises from providing collection services to a third party without our prior approval. This exclusivity, combined with our performance-driven model, motivates each Partner to deliver results, which we believe increases collection rates compared to the traditional large-scale collection agency platform."

24. The managers of CACH are, according to filings with various secretaries of state, Paul Larkins and P. Scott Lowery.

25. Scott Lowery is also the founder and Chairman of the Board of SquareTwo. Paul A. Larkins is its President and Chief Executive Officer.

26. SquareTwo makes all decisions relating to the acquisition of debt portfolios.

27. SquareTwo is responsible for raising capital for the acquisition of debt portfolios.

28. SquareTwo acquires debts with a face value of more than $3 billion per year.

29. On information and belief, Plaintiff alleges that SquareTwo and CACH are subsidiaries, parent companies, or related entities and possess such a unity of interest that it would be unjust to prevent Plaintiff's recovery against SquareTwo for CACH's unlawful actions detailed herein.

30. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the

collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

31.     Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

32.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

33.     Plaintiff is informed and believes, and based on said information and belief alleges, that at all relevant times mentioned herein, each defendant was the agent, employee, joint venturer, predecessor-in-interest, successor-in-interest, co-conspirator, alter ego or a partner of the other, and in doing the things alleged, was acting in the course and scope of said agency, employment, joint venture or other relationship. Each defendant has authorized, ratified and imposed the acts of the remaining defendants and each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful acts.

## IV. FACTUAL ALLEGATIONS

34.     Sometime before August 23, 2012, Plaintiff is alleged to have incurred certain financial obligations.

35.     These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

36.     These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

37.     Sometime thereafter, but before August 23, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

38.     Subsequently, but before August 23, 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

39.     On August 23, 2012, Defendant CACH, LLC, by and through their attorney, Defendant Law Offices of Michael K. Sipes, filed a complaint against Plaintiff Dennis Ruple and DOES 1 to 10 in Temecula, Riverside County for non-payment of the alleged debt.

40.     After speaking with Plaintiff, Defendant Law Offices of Michael K. Sipes realized that the case was filed in the wrong county and Defendants dismissed the complaint on November 5, 2012.

41.     Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692i, as well as Cal. Civ. Code § 1788.17.

## V. CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692  ET SEQ.

42.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT) CAL.CIV.CODE §§ 1788-1788.32

45.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

47.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT III
### ALTER EGO SINGLE-ENTERPRISE DOCTRINE AGAINST DEFENDANTS CACH, LLC AND SQUARETWO FINANCIAL CORPORATION

48.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49.   On information and belief, Plaintiff alleges that Defendants CACH and SquareTwo are in a similar or functionally reciprocal business of debt

collection as defined by the Federal Debt Collection Practices Act. The nature of this relationship results in CACH being nothing more than an instrument and/or conduit of SquareTwo in the pursuit of the single business venture and/or enterprise of debt collection.

50. On information and belief, Plaintiff alleges that CACH and SquareTwo share common directors, officers, and employees; and jointly benefit from transactions entered into by one another.

51. On information and belief, Plaintiff alleges that SquareTwo possesses and dominates control over Defendant CACH's finances, policies, and business practices so that SquareTwo and CACH may avoid liability.

52. Defendants established this corporate relationship to avoid liability and to avoid the effect of the Federal Debt Collection Practices Act.

53. As a direct and proximate result of Defendants' corporate structures, CACH avoids all liability under the FDCPA. CACH merely transfers whatever amount is necessary to its parent company in order to meet the objective of zeroing out liability for any NDTPA or FDCPA liability. Disregarding the separate nature of the corporations is necessary to prevent the substantial injustice of CACH continuing a business practice which effectively results in immunity from the FDCPA.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor as follows:

A. **For the FIRST CAUSE OF ACTION:**

    (i) An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), including emotional distress.

    (ii) An award of the maximum statutory damages for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

1                1692k(a)(B)(3); and

2       (iv)   For such other and further relief as may be just and proper.

3   **B.**      **For the SECOND CAUSE OF ACTION:**

4       (v)   An award of actual damages pursuant to Cal. Civil Code §1788.30(a),

5            including emotional distress;

6       (vi)   An award of the maximum statutory damages for Plaintiffs pursuant

7            to Cal. Civil Code §1788.30(b);

8       (vii)   Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil

9            Code §1788.30(c); and

10     (viii)   For such other and further relief as may be just and proper.

11           JURY TRIAL DEMANDED

12 Dated: August 22, 2013           Respectfully Submitted,
LAW OFFICES OF BARAK BERLIN

13

14                         By: s/ Barak Berlin
Barak Berlin, Esq.

15                         Attorney for Dennis Ruple

16                         Email: Barak@BerlinLawGroup.com

17

18

19

20

21

22

23

24

25

26

27

28